**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEVIN BROWN,

Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

Agency.

DOCKET NUMBER
NY-0752-17-0108-I-1

DATE: April 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin Brown, Bronx, New York, pro se.

Christopher P. Richins, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension.  On petition for review, the appellant argues

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

that the administrative judge improperly imposed sanctions that dismissed his affirmative defenses as abandoned. He also argues that the administrative judge erred in finding that the agency established that it had reasonable cause to believe that he had committed a crime for which a term of imprisonment could be imposed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the reasonable cause analysis, we AFFIRM the initial decision.

¶2      The appellant challenges the imposition of sanctions, claiming that he failed to comply with the administrative judge's orders due to technical difficulties with e-Appeal Online. Even if the appellant experienced the technical difficulties he describes, however, he has not explained how these alleged difficulties prevented him from complying with her orders. Significantly, the appellant successfully uploaded a pleading in response to the show cause orders on May 9, 2017, and the administrative judge considered this pleading prior to dismissing his affirmative defenses. Initial Appeal File (IAF), Tabs 9-10. The appellant has not explained how his alleged technical difficulties with e-Appeal Online prevented him in any way from substantively responding to the administrative judge's show cause orders in his successfully uploaded pleading, and he did not mention these alleged

difficulties at the time he filed the pleading. Moreover, the administrative judge's first show cause order contained an explicit warning that a failure to substantively respond to her order with the requested information could result in the dismissal of his affirmative defenses as abandoned. IAF, Tab 7. Under these circumstances, we find no abuse of discretion. *See Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007) (finding that the administrative judge did not abuse her discretion by dismissing the appellant's affirmative defenses for failure to prosecute when the appellant did not comply with multiple orders over a period of 2 1/2 months).

¶3　　As to the appellant's challenge to the administrative judge's finding that the agency established that it had reasonable cause to believe that he had committed a crime for which a term of imprisonment could be imposed, we modify the initial decision as follows, still concluding that the agency met its burden. In the initial decision, the administrative judge based her conclusion that the agency established reasonable cause largely on the fact that the appellant was arrested and arraigned on several criminal charges, one of which was punishable by imprisonment up to 7 years. IAF, Tab 24, Initial Decision at 6-7. However, relying on an arrest and arraignment alone is insufficient to establish reasonable cause in the context of an indefinite suspension. *See Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 662-63, 666 (1994). Rather, the agency must take some affirmative action on its own to satisfy itself that there was reasonable cause to believe that a crime was committed for which imprisonment could be imposed. *Id.* at 666 (citing *Dunnington v. Department of Justice*, 956 F.2d 1151 (Fed. Cir. 1992)).

¶4　　Here, the record demonstrates that the agency conducted its own investigation of the appellant's conduct that led to his arrest and arraignment and that it considered this evidence in proposing and sustaining the appellant's indefinite suspension. In reaching his decision to sustain the indefinite suspension, the deciding official considered the materials contained in the

evidence file. IAF, Tab 6, Subtab 4c at 1. In addition to evidence related to the appellant's arrest and arraignment, the materials included a sworn statement from the agency's own Criminal Investigator summarizing his investigation of the appellant's alleged conduct, including statements from several witnesses, a confession from the appellant's alleged coconspirator that implicated the appellant, and a description of video footage that substantiated the confession. IAF, Tab 6, Subtab 4e. At the hearing, the deciding official testified that he read the Criminal Investigator's report and the witness statements included in the report. Hearing Recording (testimony of the deciding official). He further testified that he believed that the statements from the witnesses interviewed by the Criminal Investigator were reliable, including the confession from the appellant's alleged coconspirator. *Id.* He concluded, based on all the evidence presented to him, that there was reasonable cause to believe that the appellant had committed the crimes for which he was arrested and arraigned and for which a term of imprisonment could be imposed. *Id.* Under these circumstances, we find that the agency's consideration of the appellant's arrest and arraignment, in conjunction with the results of its own investigation, is sufficient to establish reasonable cause. *See Dunnington*, 956 F.2d at 1156-58 (finding the reasonable cause standard met when, in addition to four arrest warrants, the agency considered factual material culled from four criminal complaints and statements from complaining witnesses supporting the criminal complaints). Accordingly, we deny the petition for review.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.